UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARISSA HARBARGER;
RAINBOW FROST ICE
CREAM, INC.;
RONALD ELLISON;
WILLIAM ELLISON.                          Case No.: 3:25-cv-00550

Plaintiffs,

                                          TRIAL BY JURY DEMANDED

and

THE CITY OF DESTIN; CITY OF DESTIN
CODE COMPLIANCE; SUE SHUMAKER;
TROTTER'S GENERAL CONTRACTORS,
INC., a Florida for Profit Corporation;
THOMAS ISLAND ICE CREAM LLC, a
Florida Limited Liability Company;
GULFSTREAM ICE CREAM, a
Florida Company.

Defendants.

_____

## PLAINTIFFS' VERIFIED COMPLAINT

**COMES NOW**, the Plaintiff **CARISSA HARBARGER** (hereafter **"Harbarger" or** "Ms. Harbarger"), derivatively as director and on behalf of **RAINBOW FROST ICE CREAM, INC.** (hereafter **"RF" or** "Rainbow Frost"**); WILLIAM ELLISON** (hereafter **"Mr. William Ellison"); RONALD ELLISON** (hereafter "**Mr. Ronald Ellison**") (collectively the Plaintiffs referred to as "Plaintiff"**);** and hereby files this *Verified Complaint* suing Defendant **THE CITY OF DESTIN** (hereafter **"COD"**), the Defendant **CITY OF DESTIN CODE COMPLIANCE** (hereafter **"CDCC");** the Defendant **SUE SHUMAKER** (hereafter "Shumaker" or **"Ms. Shumaker");** the Defendant **TROTTER'S GENERAL CONTRACTORS, INC.** (hereafter

"Trotter"); the Defendant **THOMAS ISLAND ICE CREAM LLC ("TIC"),** and Defendant **GULFSTREAM ICE CREAM ("GIC"),** and respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    This case is predicated upon violations of 18 U.S. Code §2721 (Count I and Count II) and Fla. Stat. §119.0712(2) (Count III and Count IV), inter alia violations of the Driver's Privacy Protection Act (DPPA).

2.    This is a cause cognizable within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1331, as such claims arise under the Constitution and laws of the United States.

3.    This case also alleges claims for Malicious Prosecution (Count V), Violation of Florida's Deceptive and Unfair Trade Practices Act (Count VI, Count VII, Count VIII) and for Injunctive Relief (Count IX, Count X, Count XI), and such state law claims are so related to the federal claims in the instant action that they form the same case and controversy.

4.    The state laws are causes cognizable within the supplemental jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367(a).

5.    The amount in controversy exceeds $75,000.

6.    Venue is proper in this Court because the harm occurred in Okaloosa County, and because the actions resulting in the claim occurred in this district.

## II.    PARTIES

7.    Plaintiff, Carissa Harbarger (Ms. Harbarger) is an adult resident of Okaloosa County and is otherwise sui juris.

8.    Plaintiff, Rainbow Frost Ice Cream, Inc. ("RF" or "Rainbow Frost"), is a Florida for profit corporation doing business in Okaloosa County.

9. Ms. Harbarger is the sole managing member of Rainbow Frost from the time of its inception in 1995.

10. Plaintiff, William Ellison is an adult resident of Okaloosa County and is otherwise sui juris.

11. Mr. William Ellison is a 1099 employee of Rainbow Frost who leases a company vehicle pursuant to contract, and at all relevant times was employed pursuant to contract by Rainbow Frost, and is otherwise sui juris.

12. Plaintiff, Ronald Ellison is a is a 1099 employee of Rainbow Frost who leases a company vehicle pursuant to contract, and at all relevant times was employed pursuant to contract by Rainbow Frost.

13. Mr. Ronald Ellison is an employee of Rainbow Frost and was employed at all relevant times and pertaining to this litigation, and is otherwise sui juris.

14. The City of Destin is a body politic and established under the appropriate Florida Statutes as an agency of the State of Florida.

15. City of Destin Code Compliance is a body politic and established under the appropriate Florida Statutes as an agency of the State of Florida.

16. Defendant, Sue Shumaker is an adult resident and otherwise sui juris.

17. Trotter's General Contractors, Inc., is a Florida for profit corporation doing business in Okaloosa County.

18. Defendant Thomas Island Ice Cream, LLC is a for profit Florida limited liability company conducting business, primarily believed to be unlawfully, in Okaloosa County.

19. Defendant Gulfstream Ice Cream, is a for profit Florida company conducting business, primarily believed to be unlawfully, in Okaloosa County.

### III.    DEFINITIONS

20.    As used herein, the term "personal information" means information that identifies an individual, including an individual's photograph, picture of their license plate, address, telephone number but does not include information on vehicular accidents, driving violations, and driver's status.

21.    As used herein, The Florida Driver and Vehicle Information Database ("DAVID") is a database of motor vehicle records for the State of Florida. Individuals with access to DAVID can obtain personal information regarding driver's licenses and registered motor vehicle records. It is unlawful for anyone to access this information for an unauthorized purpose. *See* 18 U.S. CODE § 2721; *See* Fla. Stat. §119.0712(2).

22.    RF's date of loss ("RF's Loss") is being calculated from actual damages occurring in 2023, 2024, and still continuing in 2025 as of the filing of this Verified Complaint.

### IV.    GENERAL ALLEGATIONS

23. Ms. Harbarger has owned and operated Rainbow Frost since its inception in 1995.

24. In 2004, Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

25. Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

26. Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

27. Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

28. However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

29. Section 11.08.02(H) specifically states, "There will be no solicitation or canvassing of the public on the beach other than by vendors who have received a Beach Vendor Permit."

30. In addition to preserving the beauty of Destin Beaches, such Code also ensures that brick and mortar businesses along the beach and other legally compliant commercial activities are preserved for the benefit of the Destin community.

31. Despite the ordinance, and despite the fact that Ms. Harbarger holds the only active mobile vending licensure, numerous out-of-state operations began flooding the Destin beaches beginning in 2023.

32. In 2024, Gulfstream Ice Cream sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

33. In 2024, Thomas Island Ice Cream sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

34. On May 28, 2024, Ms. Harbarger sent a formal complaint to the Destin City Code Compliance.

35. Thereafter, there were approximately 50 additional complaints made on behalf of Rainbow Frost to the Destin City Code Compliance and its authorized agents. Attached hereto as **Exhibit 2**, is a true and accurate copy of some of those complaints regarding the illegal beach vending activities that took place in 2024.

36. Despite the numerous complaints that were made, mobile ice cream vendors flooded the beaches and financially devastated local businesses, including Rainbow Frost which is the only company holding an active mobile vending licensure.

37. After numerous months of complaints, Rainbow Frost also decided to solicit the beaches as there was no action taken by CDCC to reduce other ice cream selling operations.

38. Thereafter, Rainbow Frost was specifically targeted by CDCC as further detailed below.

39. Rainbow Frost and its agents were damaged by the selective and malicious prosecution efforts of the CDCC as further detailed below.

40. The City of Destin and the City of Destin Code Compliance were provided with a Notice of Claim pursuant to §768.28.

41. The CDCC currently is and was at the time of RF's loss, purportedly composed of trained officers who are tasked by the City of Destin in enforcing applicable ordinances, codes, and regulations related to  zoning, land use beach vendors, and beach management.

42. Based upon information and belief, the tax dollars paid by the residents of The City of Destin are utilized for the employment of CDCC employees and code enforcement officers.

43. All conditions prior to Plaintiff filing this instant litigation have been met or waived.


## V.    COUNT I
## <u>VIOLATION OF 18 U.S. CODE § 2721: Driver's Privacy Protection Act (DPPA)</u>

**Plaintiff Ronald Ellison**
v.
**Defendant City of Destin Code Compliance ("CDCC")**

44. Plaintiff realleges and incorporates paragraphs 1-43 above.

45. This is an action by Plaintiff Ronald Ellison suing Defendant City of Destin Code Compliance ("CDCC") for statutory damages related to violations of the prohibition on release and use of

certain personal information from State motor vehicle records. *See, 18 U.S. CODE §2721* (*"DPPA"*).

46. Pursuant to 18 U.S. Code §2721:

> "A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
> (1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section.
>
> (2) Pursuant to 18 U.S. Code §2724: Civil Action
>
>   (a) Cause of Action- A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record for the purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
>   (b) Remedies- The court may award-
>     (1) Actual damages, but not less than liquidated damages in the amount of $2,500;
>     (2) Punitive damages upon proof of willful or reckless disregard of the law;
>     (3) Reasonable attorneys' fees and other litigation costs reasonably incurred; and
>     (4) Such other preliminary and equitable relief as the court determines to be appropriate.

47. Mr. Ronald Ellison is a disabled civilian and employee who works for RF.

48. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas of Thomas Island Ice Cream against Mr. Ronald Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

49. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that CDCC made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. Ronald Ellison directly to Mr. Thomas in violation of the DPPA.

50. Mr. Thomas in his official capacity attached the photographs and driving record details of Mr. Ronald Ellison to the Prior Case, likely unaware that records had been accessed by the CDCC in violation of the DPPA. Attached hereto as **Exhibit 3**, are the redacted confidential driving records of the Plaintiff Mr. Ronald Ellison, which were provided by the CDCC to Mr. Thomas.

51. The violation of the DPPA was not considered in the Prior Case.

52. Such dissemination of Plaintiff Ronald Ellison's personal motor vehicle driving records was done recklessly and maliciously.

53. The DPPA specifies civil damages of (1) actual damages not less than liquidated damages of $2,500; (2) punitive damages upon proof of willful or reckless disregard for the law; (3) attorneys' fees and costs.

    **WHEREFORE**, Plaintiff Ronald Ellison seeks statutory damages, punitive damages, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

## VI.    COUNT II
## VIOLATION OF 18 U.S. CODE § 2721: Driver's Privacy Protection Act (DPPA)

**Plaintiff William Ellison**
**v.**
**Defendant City of Destin Code Compliance**

54. Plaintiff realleges and incorporates paragraphs 1-43 above.

55. This is an action by Plaintiff William Ellison suing Defendant City of Destin Code Compliance ("CDCC") for statutory damages related to violations of the prohibition on release and use of certain personal information from State motor vehicle records. *See, 18 U.S. CODE §2721 ("DPPA").*

56. Pursuant to 18 U.S. Code §2721:

"A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:

(3) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section.

57. Pursuant to 18 U.S. Code §2724: Civil Action

(c) Cause of Action- A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record for the purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

(d) Remedies- The court may award-

(1) Actual damages, but not less than liquidated damages in the amount of $2,500;

(2) Punitive damages upon proof of willful or reckless disregard of the law;

(3) Reasonable attorneys' fees and other litigation costs reasonably incurred; and

(4) Such other preliminary and equitable relief as the court determines to be appropriate.

58. Mr. William Ellison is an employee who works for RF.

59. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas against Mr. William Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

60. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that CDCC made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. William Ellison directly to Mr. Thomas in violation of the DPPA.

61. Specifically, CDCC released Mr. William Ellison's motor vehicle records and personal information about Mr. William Ellison without his consent.

62. On or around June 2024, former City of Destin code enforcement officer, Mr. Brian Eagar, in his professional capacity sent Mr. Thomas the driving details of Mr. William Ellison's motor vehicle record coupled with photographs of his license plate.

63. Mr. Thomas thereafter attached the photographs and driving record details of Mr. William Ellison to the Prior Case, likely unaware that records had been accessed by the CDCC in violation of the DPPA. Attached hereto as **Exhibit 4**, are the redacted confidential driving records of the Plaintiff Mr. William Ellison, which were provided by CDCC to Mr. Thomas.

64. The violation of the DPPA was not considered in the Prior Case.

65. Such dissemination of Plaintiff William Ellison's personal motor vehicle driving records was done recklessly and maliciously.

66. The DPPA specifies civil damages of (1) actual damages not less than liquidated damages of $2,500; (2) punitive damages upon proof of willful or reckless disregard for the law; (3) attorneys' fees and costs.

**WHEREFORE**, Plaintiff William Ellison seeks statutory damages, punitive damages, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

### VII.    COUNT III
### <u>VIOLATION OF FLA. STAT. §119.0712(2)</u>

**Plaintiff Ronald Ellison**
**v.**
**Defendant City of Destin Code Compliance**

67. Plaintiff realleges and incorporates paragraphs 1-43 above.

68. This is an action by Plaintiff Ronald Ellison suing Defendant City of Destin Code Compliance ("CDCC") for statutory damages related to violations of the prohibition on release and use of certain personal information from State motor vehicle records. *See,* Fla. Stat..§119.0712(2).

69. Pursuant Fla. Stat. §119.0712(2)(2):

*Without the express consent of the person to whom such emergency contact information applies, the emergency contact information contained in a motor vehicle record may be released only to law enforcement agencies for the purposes of contacting those listed in the event of an emergency.*

70. Pursuant to Fla. Stat. §119.0712(2)(b):

*"Personal information, including highly restricted personal information as defined in 18 U.S.C. 2725, contained in a motor vehicle record is confidential pursuant to the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 et seq. Such information be released only as authorized by that act; however, information received pursuant to that act may not be used for mass commercial solicitation of clients for litigation against motor vehicle dealers.*

71. Mr. Ronald Ellison is a disabled civilian and employee who works for RF.

72. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas against Mr. Ronald Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

73. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that CDCC made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. Ronald Ellison directly to Mr. Thomas in violation of the DPPA.

74. Specifically, CDCC in its official capacity released Mr. Ronald Ellison's motor vehicle records and personal information about Mr. Ronald Ellison without his consent.

75. Mr. Thomas is not affiliated with a law enforcement agency nor was the information utilized for an emergent purpose.

76. On or around June 2024, former City of Destin code enforcement officer, Mr. Brian Eagar, sent Mr. Thomas the driving details of Mr. Ronald Ellison's motor vehicle record coupled with photographs of his license plate.

77. Mr. Thomas thereafter attached the photographs and driving record details of Mr. Ronald Ellison to the Prior Case, likely unaware that records had been accessed by the CDCC in

violation of the DPPA. Attached hereto as **Exhibit 3**, are the redacted confidential driving records of the Plaintiff Mr. Ronald Ellison, which were provided by CDCC to Mr. Thomas.

78. Such dissemination of Plaintiff Ronald Ellison's personal motor vehicle driving records was done recklessly and maliciously.

   **WHEREFORE**, Plaintiff Ronald Ellison seeks statutory damages, punitive damages, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

### VIII.   COUNT IV
### VIOLATION OF FLA. STAT. 119.0712(2)

**Plaintiff William Ellison**
**v.**
**Defendant City of Destin Code Compliance**

79. Plaintiff realleges and incorporates paragraphs 1-43 above.

80. This is an action by Plaintiff William Ellison suing Defendant City of Destin Code Compliance ("CDCC") for statutory damages related to violations of the prohibition on release and use of certain personal information from State motor vehicle records. *See,* Fla. Stat §119.0712(2).

81. Pursuant Fla. Stat. §119.0712(2)(2):

   *Without the express consent of the person to whom such emergency contact information applies, the emergency contact information contained in a motor vehicle record may be released only to law enforcement agencies for the purposes of contacting those listed in the event of an emergency.*

82. Pursuant to Fla. Stat. §119.0712(2)(b):

   *"Personal information, including highly restricted personal information as defined in 18 U.S.C. 2725, contained in a motor vehicle record is confidential pursuant to the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 et seq. Such information be released only as authorized by that act; however, information received pursuant to that act may not be used for mass commercial solicitation of clients for litigation against motor vehicle dealers.*

83. Mr. William Ellison is an employee who works for RF.

84. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas against Mr. William Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

85. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that CDCC made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. William Ellison directly to Mr. Thomas in violation of the DPPA.

86. Specifically, CDCC in its official capacity released Mr. William Ellison's motor vehicle records and personal information about Mr. William Ellison without his consent.

87. Mr. Thomas is not affiliated with a law enforcement agency nor was the information utilized for an emergent purpose.

88. On or around June 2024, former City of Destin code enforcement officer, Mr. Brian Eagar, in his official capacity sent Mr. Thomas the driving details of Mr. William Ellison's motor vehicle record coupled with photographs of his license plate.

89. Mr. Thomas thereafter attached the photographs and driving record details of Mr. William Ellison to the Prior Case, likely unaware that records had been accessed by the CDCC in violation of the DPPA. Attached hereto as **Exhibit 4**, are the redacted confidential driving records of the Plaintiff Mr. William Ellison, which were provided by CDCC to Mr. Thomas.

90. Such dissemination of Plaintiff William Ellison's personal motor vehicle driving details was done recklessly and maliciously.

   **WHEREFORE**, Plaintiff William Ellison seeks actual damages, punitive damages, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

## IX.    COUNT V
## <u>MALICIOUS PROSECUTION</u>

**Plaintiff Carissa Harbarger derivatively on behalf of RF**
**v.**
**The City of Destin and the CDCC**

91. Plaintiff realleges and incorporates paragraphs 1-43 above.

92. As the injury in the present action is against Plaintiff RF, Plaintiff Harbarger's individual right to bring this action is derived from Plaintiff RF. *See* <u>Citizens National Bank of St. Petersburg v. Peters</u>, 175 So. 2d at 56.

93. As such, the remedy at *common law or equity* requires Plaintiff Harbarger to bring a derivative action on behalf of Plaintiff RF. *See* <u>Dinuro Invs., LLC v. Camacho</u>, 141 So. 3d 731 (Fla. 3d DCA 2014).

94. On June 9, 2024, Defendant Ronald Ellison on behalf of RF was purportedly served with Citation 1161 ("Citation"), for soliciting on a public beach. A true and accurate copy of the Citation is attached hereto as **Exhibit 5**.

95. However, the CDCC did not ascertain the identity of the purported violator, but instead named Defendant Ronald Ellison as the violator, essentially fraudulently misrepresenting who the citation was issued to.

96. While the imposed penalty of this Citation may on its face appear de minimis, the implications of permitting service upon RF that names a violator who was nowhere near the vicinity of the purported violation and allows another to execute the Citation on their behalf is precisely why jurisdiction should be perfected by the proper service of sufficient process.

97. None-the-less, the CDCC on behalf of the City of Destin continued to prosecute Rainbow Frost and its agents under the action styled *Destin Code Compliance Department v. Rainbow Frost, Case No.: 2024 MO 002247 F.*

98. This matter was later sent for an infraction hearing and was terminated based upon an Agreed Order to quash service rendering the Citation moot. A true and accurate copy of the Agreed Order is attached hereto as **Exhibit 6.**

99. As such, the judicial proceeding was terminated in Defendant Rainbow Frost's favor.

100.    The probable cause and proper service of the Citation was absent.

101.    Malice was present and Plaintiff RF suffered damages as a result.

102.    Additionally, through discovery received via Subpoena it was discovered that City Attorney, Ms. Kimberly Kopp specifically advised the CDCC that selective enforcement specifically targeting Rainbow Frost was impermissible. A true and accurate copy of Ms. Kopp's email received through the course of discovery via Subpoena is attached hereto as **Exhibit 7.**

103.    None-the-less, the CDCC continued to specifically target RF, as well as the employes RF in an attempt to directly and negatively impact the financial bottom line of RF.

104.    Further, the CDCC continued to permit solicitation of the beaches by vendors other than RF, even though such activities were in direct violation of Section 11.08.02(H).

105.    Attached hereto as **Exhibit 8**, is a copy of an email from the former CDCC employee stating that, "I cant stand him [William Ellison]" and "He [William Ellison] needs to be arrested. He's way out of line." These statements were made contemporaneously with the improper DAVID disclosure.

106.    The CDCC employees were acting in concert to bring harm upon RF and its 1099 employees. After this specific incident, and unfortunately, Mr. Ronald Ellison and Mr. William Ellison were the collateral damage; and, the aforementioned DAVID violations were later learned as a result of the Prior Case.

107.    The actions and nonactions of the CDCC caused direct financial harm to RF, just as they had intended.

108.    A historical copy of the tax returns of RF will be provided and later incorporated herein.

109.    The historical tax returns show the financial harm that was caused as a result of the actions and nonactions of the City of Destin and the CDCC.

**WHEREFORE**, Plaintiff Harbarger derivatively and on behalf of Rainbow Frost seeks actual damages, actual damages of business loss, loss of employee commissions, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

## X.    COUNT VI
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

### Plaintiff Carissa Harbarger derivatively on behalf of RF
### v.
### The City of Destin and the CDCC

110.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

111.    Plaintiff realleges and incorporates paragraphs 1-43 above.

112.    Plaintiff realleges and incorporates paragraphs 91-109 above.

113.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

114.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

115.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

116.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

117.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

118.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

119.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

120.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

121.    In the present case, the City of Destin and the CDCC took action to maliciously prosecute RF.

122.    In the present case, the CDCC took actions and failed to act in enforcing Section 11.08.02(H) of the Beach Management Land Development Code.

123.    The CDCC currently is and was at the time of RF's loss purportedly composed of trained officers who are tasked by the City of Destin in enforcing applicable ordinances, codes, and regulations related to  zoning, land use beach vendors, and beach management.

124.    Based upon information and belief, the tax dollars paid by the residents of The City of Destin are utilized for the employment of CDCC employees and code enforcement officers.

125.    The CDCC through the act of permitting and taking no action against the illegal solicitation of beaches harmed the legitimate business enterprise, RF.

126.    RF was damaged as a result.

127.    The financial harm suffered by RF is evident through the tax returns filed by RF, and will also be testified to by Mr. Harbarger on behalf of RF.

128.    A Representative of the CDCC, in their own words, stated that they hoped RF went out of business. Such statement was made to a vendor who was unlawfully soliciting the beaches, and in direct competition of RF by selling ice cream novelties.

129.    RF suffered significant financial harm based upon the unlawful solicitation of the beaches by vendors who were selling ice cream novelties.

130.    But for the actions and nonaction of the City of Destin, RF would not have been maliciously prosecuted and suffered financial loss.

131.    But for the actions and nonaction of the CDCC, RF would suffered financial loss.

132.    Plaintiff RF's Loss suffered are actual financial damages which occurred as a result.

**WHEREFORE** Plaintiff Harbarger derivatively and on behalf of RF seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against the City of Destin and the CDCC.


### XI.    COUNT VII
### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff Carissa Harbarger derivatively on behalf of RF**
**v.**
**Thomas Island Ice Cream**

133.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

134.    Plaintiff realleges and incorporates paragraphs 1-43 above.

135.    Plaintiff realleges and incorporates paragraphs 91-109 above.

136.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the

consuming public and legitimate business enterprises from those who engage in unfair methods

of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any

trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

137.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive

acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

138.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or

unfair practice; (2) causation; and (3) actual damages.

139.    Rainbow Frost was one of two companies which was grandfathered in and permitted to

operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a

true and accurate copy of Rainbow Frost's licensure.

140.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile

vending business within the City of Destin.

141.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream

novelties pursuant to the requirements and limitations of their licensure.

142.    Rainbow Frost is permitted to conduct its private business carried out entirely from a

mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for

sale is actually carried and contained within a unit that is designed to be or is mobile at the

time the items are offered for sale.

143.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

144.    Defendant, Thomas Island Ice Cream does not have a licensure to operate a mobile vending legally nonconforming business.

145.    Defendant, Thomas Island Ice Cream is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

146.    Defendant, Thomas Island Ice Cream sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

147.    Defendant, Thomas Island Ice Cream has been issued citations for their illegal solicitation of the Destin beaches located in Okaloosa County. See **Exhibit 10**, a true and accurate copy of those citations received via Subpoena from City Attorney, Ms. Kimberly Kopp.

148.    RF was damaged as a result.

149.    The financial harm suffered by RF is evident through the tax returns filed by RF, and will also be testified to by Mr. Harbarger on behalf of RF.

150.    RF suffered significant financial harm based upon the unlawful solicitation of the beaches by vendors, such as Thomas Island Ice Cream, who is illegally and unlawfully selling ice cream novelties.

151.    But for the actions of Thomas Island Ice Cream, RF would not have suffered RF's Loss.

152.    Plaintiff RF's Loss suffered are actual financial damages which occurred as a result.

**WHEREFORE** Plaintiff Harbarger derivatively and on behalf of RF seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against the City of Destin and the CDCC.

## XII.    COUNT VIII
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff Carissa Harbarger derivatively on behalf of RF**
**v.**
**Gulfstream Ice Cream**

153.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

154.    Plaintiff realleges and incorporates paragraphs 1-43 above.

155.    Plaintiff realleges and incorporates paragraphs 91-109 above.

156.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

157.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

158.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

159.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

160.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

161.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

162. Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

163. However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

164. Defendant, Gulfstream Ice Cream does not have a licensure to operate a mobile vending legally nonconforming business.

165. Defendant, Gulfstream Ice Cream is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

166. Defendant, Gulfstream Ice Cream sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

167. Defendant, Gulfstream Ice Cream has been issued citations for their illegal solicitation of the Destin beaches located in Okaloosa County. See **Exhibit 11**, a true and accurate copy of those citations received via Subpoena from City Attorney, Ms. Kimberly Kopp.

168. RF was damaged as a result.

169. The financial harm suffered by RF is evident through the tax returns filed by RF, and will also be testified to by Mr. Harbarger on behalf of RF.

170. RF suffered significant financial harm based upon the unlawful solicitation of the beaches by vendors, such as Thomas Island Ice Cream, who is illegally and unlawfully selling ice cream novelties.

171. But for the actions of Thomas Island Ice Cream, RF would not have suffered RF's Loss.

172.    Plaintiff RF's Loss suffered are actual financial damages which occurred as a result.

**WHEREFORE** Plaintiff Harbarger derivatively and on behalf of RF seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against the City of Destin and the CDCC.

## XIII.   COUNT IX
## ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS CDCC, THOMAS ISLAND ICE CREAM, GULFSTREAM ICE CREAM

**Plaintiff Carissa Harbarger derivatively on behalf of RF**
**v.**
**CDCC & Thomas Island Ice Cream & Gulfstream Ice Cream**

173.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

174.    Plaintiff realleges and incorporates paragraphs 1-43 above.

175.    Plaintiff realleges and incorporates paragraphs 91-109 above.

176.    This is an action for injunctive relief with respect to those actions and inaction of the CDCC.

177.    This is an action for injunctive relief with respect to those actions of Thomas Island Ice Cream.

178.    This is an action for injunctive relief with respect to those actions of Gulfstream Ice Cream.

179.    Businesses are not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

180.    Based upon information and belief, the CDCC is incapable of enforcing the aforementioned Code.

181.    Based upon information and belief, Thomas Island Ice Cream is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin Beaches.

182.    Based upon information and belief, Gulfstream Ice Cream is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin Beaches.

183.    Plaintiff Rainbow Frost will suffer irreparable harm if an injunction is not entered, because Plaintiff is the only company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

184.    Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harm described in paragraph 97 above.

185.    The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

186.    Based upon the actions of Defendant Shumaker and Defendant Trotter in obtaining a licensure fraudulently and improperly, Plaintiff Rainbow Frost requests the following injunctive relief:

   (a) An Order confirming beach, pursuant to Section 11.08.02(H) that solicitation, canvassing, and selling ice cream novelties on the Destin beach is a violation of the Beach Management provision of the Land Development Code.

   (b) An Order confirming beach, pursuant to Section 11.08.02(H) that Thomas Island Ice Cream is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(c) An Order confirming beach, pursuant to Section 11.08.02(H) that Gulfstream Ice Cream is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

**WHEREFORE**, Plaintiff Harbarger derivatively and on behalf of Rainbow Frost respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs associated with this action, as may be permitted by law and statute, and for such other and further relief as the Court deems just and proper. Plaintiff RF seeks this Court action based upon the FDUTP.

## XIV.   COUNT X
## ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANT SUE SHUMAKER & TROTTER

**Plaintiff Carissa Harbarger derivatively on behalf of RF**
**v.**
**Shumaker & Trotter**

187.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

188.    Plaintiff realleges and incorporates paragraphs 1-43 above.

189.    This is an action for injunctive relief with respect to a license issued in Okaloosa County, Florida through the efforts of Defendant Sue Shoemaker to licensure Defendant Trotter.

190.    In 2004, Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business.

191.    Pursuant to the prior 2004 Order, no additional licensures for a mobile vending legally nonconforming business were to be issued.

192.    Utilizing her public position as an administrator in licensing for the City of Destin, Defendant Shumaker fraudulently obtained a licensure for a mobile vending legally nonconforming business in her boyfriend's company's name, Trotter's General Contractors Inc. Attached hereto as **Exhibit 9**, is a true and accurate copy of the current improperly issued licensure.

193.    Defendant Shumaker and Mr. Trotter of Trotter were later married.

194.    Despite that fact, the City of Destin improperly issued a licensure to Trotter.

195.    The fraudulent issuance of this licensure devalues the licensure of Rainbow Frost and has thereby caused immediate harm to the valuation of Rainbow Frost.

196.    Plaintiff Rainbow Frost will suffer irreparable harm if an injunction is not entered, because Plaintiff is the only company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

197.    Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harm described in paragraph 97 above.

198.    The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

199.    Based upon the actions of Defendant Shumaker and Defendant Trotter in obtaining a licensure fraudulently and improperly, Plaintiff Rainbow Frost requests the following injunctive relief:

    (d) An Order deeming the licensure issued to Trotter as invalid and striking its validity such that the Rainbow Frost is the only company with a legally noncompliant licensure as a mobile vending truck.

**WHEREFORE**, Plaintiff Harbarger derivatively and on behalf of Rainbow Frost respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs associated with this action, as may be permitted by law and statute, and for such other and further relief as the Court deems just and proper.

### XV.    COUNT XI
### ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANT CITY OF DESTIN

**Plaintiff Carissa Harbarger on behalf of RF**
**v.**
**City of Destin**

200.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

201.    Plaintiff realleges and incorporates paragraphs 1-43 above.

202.    Plaintiff realleges and incorporates paragraphs 187-199 above.

203.    This is an action for injunctive relief with respect to the City of Destin's licensure department located within Okaloosa County, Florida.

204.    Pursuant to prior Court Order in 2004, no additional licensures for a mobile vending legally nonconforming business were permitted issuance.

205.    Despite that fact, the City of Destin improperly issued a licensure to Trotter.

206.    Utilizing her public position as an administrator in licensing for the City of Destin, Defendant Shumaker transferred the license in her boyfriend's company's name, Trotter's General Contractors Inc. Attached hereto as **Exhibit 9**, is a true and accurate copy of the current improperly issued licensure.

207.    The fraudulent issuance of this licensure devalues the licensure of Rainbow Frost and has thereby caused immediate harm to Rainbow Frost.

208.   Plaintiff Rainbow Frost will suffer irreparable harm, because Plaintiff is the only active company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

209.   Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harm described in paragraph 97 above.

210.   The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

211.   Based upon the actions of Defendant Shumaker and Defendant Trotter in obtaining a licensure fraudulently and improperly, Plaintiff Rainbow Frost requests the following injunctive relief:

(e) An Order deeming the licensure issued to Trotter as invalid and striking its validity such that the Rainbow Frost is the only company with a legally noncompliant licensure as a mobile vending truck.

**WHEREFORE**, Plaintiff Harbarger derivatively and on behalf of Rainbow Frost respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs, as may be permitted by law and statute, and for such and costs associated with this action and such other and further relief as the Court deems just and proper.

Dated: April 28, 2025.

**CHESSER & BARR, P.A.**

/s/ *Meghan M. Betz*
Meghan M. Betz

FL Bar No. 1021622
1201 Eglin Parkway
Shalimar, FL 32579
(850) 651-9944
(850) 651-6084 – facsimile
betz@chesserbarr.com
troell @chesserbarr.com
houwers@chesserbarr.com
**Attorneys for Plaintiffs**

## JURAT PAGE

I verify that I have read this Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

Signed by:

*Carissa Zingaretti Harbarger*

9A703D086D6348B...

Carissa Harbarger

STATE OF FLORIDA                    )
                                                      )
COUNTY OF Okaloosa            )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this _28th_ day of February, 2025, by Carissa Harbarger, who is personally known to me or who has produced a Florida driver's license as identification.



MEGHAN MARIE BETZ
Commission # HH 168716
Expires August 24, 2025
Bonded Thru Budget Notary Services

*Meghan Betz*

NOTARY PUBLIC

*Meghan Betz*

[Print type or stamp commissioned name of notary.]

### JURAT PAGE

I verify that I have read this Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

*Signed by:*
Ronald Ellison
9A703D065D6348B...

Ronald Ellison

STATE OF FLORIDA )

)

COUNTY OF Okaloosa )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this 28th day of ~~February~~ April, 2025, by Ronald Ellison, who is personally known to me or who has produced a Florida driver's license as identification.

MEGHAN MARIE BETZ
Commission # HH 168716
Expires August 24, 2025
Bonded Thru Budget Notary Services

NOTARY PUBLIC

Meghan Betz
[Print, type or stamp commissioned name of notary.]

## JURAT PAGE

I verify that I have read this Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

_Will Ellison_

William Ellison

STATE OF FLORIDA          )
                          )
COUNTY OF Okaloosa        )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this 28th day of ~~February~~ April, 2025, by William Ellison, who is personally known to me or who has produced a Florida driver's license as identification.

_Meghan Betz_
NOTARY PUBLIC

MEGHAN MARIE BETZ
Commission # HH 168716
Expires August 24, 2025
Bonded Thru Budget Notary Services

_Meghan Betz_
[Print type or stamp commissioned name of notary.]