## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CARISSA HARBARGER;**
**RAINBOW FROST ICE**
**CREAM, INC.;**
**RONALD ELLISON;**
**WILLIAM ELLISON.**                       **Case No.: 3:25-cv-00550**

Plaintiffs,

                                           **TRIAL BY JURY DEMANDED**
and

**THE CITY OF DESTIN; SUE SHUMAKER;**
**TROTTER'S GENERAL CONTRACTORS,**
**INC., a Florida for Profit Corporation;**
**THOMAS ISLAND ICE CREAM LLC, a**
**Florida Limited Liability Company;**
**GULFSTREAM ICE CREAM, a**
**Florida Company; DAVID THOMAS;**
**ISRAEL THOMAS; SAMUEL THOMAS;**
**SAMPSON THOMAS; OHANA GELATOS**
**LLC, a Florida Limited Liability Company.**

Defendants.

_____

### PLAINTIFFS' VERIFIED FIRST AMENDED COMPLAINT

**COMES NOW**, the Plaintiff **CARISSA HARBARGER (**hereafter **"Harbarger" or** "**Ms. Harbarger"**), as director and upon the behalf of **RAINBOW FROST ICE CREAM, INC. (**hereafter **"RF" or "Rainbow Frost"); WILLIAM ELLISON (**hereafter **"Mr. William Ellison"); RONALD ELLISON (**hereafter "**Mr. Ronald Ellison"**) (collectively the Plaintiffs referred to as "Plaintiff"**);** and hereby files this *First Amended Verified Complaint,* pursuant to Fla. R. Civ. P. 15(1)(B) suing Defendant **THE CITY OF DESTIN (**hereafter **"COD" or "The City")**, the Defendant **SUE SHUMAKER (**hereafter **"Shumaker"** or **"Ms. Shumaker");** the Defendant

**TROTTER'S GENERAL CONTRACTORS, INC**. (hereafter "Trotter"); the Defendant **THOMAS ISLAND ICE CREAM LLC (**hereafter **"TIC");** the Defendant **GULFSTREAM ICE CREAM (**hereafter **"GIC"); the Defendant DAVID THOMAS; the Defendant ISRAEL THOMAS (hereafter "Israel"); the Defendant SAMUEL THOMAS (hereafter "Samuel"); the Defendant SAMPSON THOMAS (hereafter "Sampson"); and, the Defendant OHANA GELATOS LLC,** and respectfully states as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    This case is predicated upon violations of 18 U.S. Code §2721 (Count I and Count II) inter alia violations of the Driver's Privacy Protection Act (DPPA).

2.    This case also alleges claims for Violation of Due Process  pursuant to 42 U.S.C.S. §1983 (Count III).

3.    This is a cause cognizable within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1331, as such claims arise under the Constitution and laws of the United States.

4.    This case also alleges claims for Violation of Florida's Deceptive and Unfair Trade Practices Act (Count IV – Count VIII) and for Injunctive Relief (Count IX, Count X, Count XI), and such state law claims are so related to the federal claims in the instant action that they form the same case and controversy.

5.    The state laws are causes cognizable within the supplemental jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367(a).

6.    The amount in controversy exceeds $75,000.

7.    Venue is proper in this Court because the harm occurred in Okaloosa County, and because the actions resulting in the claim occurred in this district.

## II.    PARTIES

8.  Plaintiff, Carissa Harbarger (Ms. Harbarger) is an adult resident of Okaloosa County and is otherwise sui juris.

9.  Plaintiff, Rainbow Frost Ice Cream, Inc. ("RF" or "Rainbow Frost"), is a Florida for profit corporation doing business in Okaloosa County.

10. From 1995 until present date, Ms. Harbarger is currently the director, president, and secretary of Rainbow Frost.

11. Plaintiff, William Ellison is an adult resident of Okaloosa County and is otherwise sui juris.

12. Mr. William Ellison is a 1099 employee of Rainbow Frost who leases a company vehicle pursuant to contract, has compensation incentives through the sales of RF's products, shares in RF's losses, and, at all relevant times was employed pursuant to contract by RF, and is otherwise sui juris.

13. Plaintiff, Ronald Ellison is a is a 1099 employee of Rainbow Frost who leases a company vehicle pursuant to contract, has compensation incentives through the sales of RF's products, shares in RF's losses, and, at all relevant times was employed pursuant to contract by RF, and is otherwise sui juris.

14. Mr. Ronald Ellison is an employee of Rainbow Frost and was employed at all relevant times and pertaining to this litigation, and is otherwise sui juris.

15. The City of Destin is a body politic and established under the appropriate Florida Statutes as an agency of the State of Florida.

16. Defendant, Sue Shumaker is an adult resident and otherwise sui juris.

17. Trotter's General Contractors, Inc., is a Florida for profit corporation doing business in Okaloosa County.

18. Defendant Thomas Island Ice Cream, LLC is a for profit Florida limited liability company conducting business, primarily believed to be unlawfully, in Okaloosa County.

19. Defendant Gulfstream Ice Cream, is a for profit Florida company conducting business, primarily believed to be unlawfully, in Okaloosa County.

20. Defendant David Thomas is an adult resident and otherwise sui juris.

21. Defendant Israel Thomas is an adult resident and otherwise sui juris.

22. Defendant Samuel Thomas is an adult resident and otherwise sui juris.

23. Defendant Sampson Thomas is an adult resident and otherwise sui juris.

24. Defendant Ohana Gelatos, LLC is a for profit Florida limited liability company conducting business, primarily believed to be unlawfully, in Okaloosa County.


### III.    DEFINITIONS


25.    As used herein, the term "personal information" means information that identifies an individual, including an individual's photograph, picture of their license plate, address, telephone number but does not include information on vehicular accidents, driving violations, and driver's status.

26.    As used herein, The Florida Driver and Vehicle Information Database ("DAVID") is a database of motor vehicle records for the State of Florida. Individuals with access to DAVID can obtain personal information regarding driver's licenses and registered motor vehicle records. It is unlawful for anyone to access this information for an unauthorized purpose. *See* 18 U.S. CODE § 2721; *See* Fla. Stat. §119.0712(2).

27.    RF's date of loss ("RF's Loss") is being calculated from actual damages occurring in 2023, throughout 2024, and still continuing in 2025 as of the filing of this First Amended Verified Complaint.

28.    As the individually named Plaintiffs continue to collectively suffer ongoing damages based upon current beach vendors in violation of Section 11.08.02(H), each individually named Plaintiff has damages which are ongoing and commenced together with RF in 2023 ("Plaintiffs' Loss").

29.    As used herein, "Thomas Defendants" collectively refers to Thomas Island Ice Cream LLC, Sampson Thomas, David Thomas, Samuel Thomas, Israel Thomas, and Ohana Gelatos LLC.

## IV.    GENERAL ALLEGATIONS

30. Ms. Harbarger has owned and operated Rainbow Frost since its inception in 1995.

31. Ms. Harbarger is the current director, president, and secretary of Rainbow Frost.

32. In 2004, Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Composite Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

33. Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending legally nonconforming business within the City of Destin.

34. Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of its licensure.

35. Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is

actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

36. In 2005, Ms. Harbarger's business was grandfathered pursuant to Ordinance 05-04-LC. *See* **Exhibit 1**.

37. However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

38. Section 11.08.02(H) specifically states, "There will be no solicitation or canvassing of the public on the beach other than by vendors who have received a Beach Vendor Permit."

39. In addition to preserving the beauty of Destin beaches, such Code also ensures that brick and mortar businesses along the beach and other legally compliant commercial activities are preserved for the benefit of the Destin community.

40. Despite the ordinance, and despite the fact that Ms. Harbarger holds the only active mobile vending legally nonconforming business licensure, numerous out-of-state ice cream operations began flooding the Destin beaches beginning in 2023.

41. In 2024 and 2025, Gulfstream Ice Cream sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

42. In 2024 and 2025, Thomas Island Ice Cream sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H). TIC was voluntarily dissolved in September 2024.

43. In 2024 and 2025, David Thomas sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

44. In 2024 and 2025, Samuel Thomas sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

45. In 2024 and 2025, Israel Thomas sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

46. In 2024 and 2025, Sampson Thomas sold ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H); and is the managing member of the Wounded Warrior Commissary LLC and Thomas Island Ice Cream LLC.

47. In 2025, Ohana Gelatto was incorporated and based upon information and belief, sells ice cream novelties on the Destin beaches despite having no licensure and in direct violation of Section 11.08.02(H).

48. On May 28, 2024, Ms. Harbarger sent a formal complaint to the Destin City Code Compliance.

49. Thereafter, there were approximately 50 additional complaints made on behalf of Rainbow Frost to the Destin City Code Compliance and its authorized agents. Attached hereto as **Exhibit 2**, is a true and accurate copy of some of those complaints regarding the illegal beach vending activities that took place in 2024.

50. Despite the numerous complaints that were made, mobile ice cream vendors flooded the Destin beaches and financially devastated local businesses, including Rainbow Frost which is the only company holding an active mobile vending legally nonconforming business licensure.

51. After numerous months of complaints, Rainbow Frost also decided to solicit the beaches as there was no action taken by CDCC to reduce ice cream sales on the beach in violation of Section 11.08.02(H).

52. Thereafter, Rainbow Frost was specifically targeted by CDCC as further detailed below.

53. Rainbow Frost and its agents were damaged by the selective enforcement of the CDCC.

54. The City of Destin was provided with a Notice of Claim pursuant to §768.28.

55. The CDCC currently is and was at the time of RF's Loss, purportedly composed of trained officers who are tasked by the City of Destin in enforcing applicable ordinances, codes, and regulations related to zoning, land use beach vendors, and beach management.

56. Based upon information and belief, the tax dollars paid by the residents of the City of Destin are utilized for the employment of CDCC employees and code enforcement officers.

57. Based upon information and belief, agents of the CDCC were monetarily compensated by TIC and other ice cream operations of the Thomas Defendants' during 2024 in exchange for lenient enforcement of the beach vendor rules and regulations.

58. Based upon information and belief, the CDCC's failure to train its employees and its complete inaction in issuing citations to beach vendors violating Section 11.08.02(H), is the custom of the CDCC.

59. As it pertains to Plaintiff's Loss and RF's Loss, Plaintiff Harbarger has previously met with The City of Destin via its council members during regular Destin City Council meetings in an effort to seek resolution that did not require litigation.

60. As it pertains to Plaintiff's Loss and RF's Loss, Plaintiff William Ellison previously met with The City of Destin via its council members during regular Destin City Council meetings in an effort to seek resolution that did not require litigation.

61. All conditions prior to Plaintiff filing this instant litigation have been met or waived.

### V.    COUNT I
### <u>VIOLATION OF 18 U.S. CODE § 2721: Driver's Privacy Protection Act (DPPA)</u>

**Plaintiff Ronald Ellison**
**v.**
**The City of Destin**

62. Plaintiff realleges and incorporates paragraphs 1-60 above.

63. This is an action by Plaintiff Ronald Ellison suing Defendant, the City of Destin for statutory damages related to violations of the prohibition on release and use of certain personal information from State motor vehicle records. *See, 18 U.S. CODE §2721 (*"DPPA").

64. Pursuant to 18 U.S. Code §2721:

> "A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
> (1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section.
>
> (2) Pursuant to 18 U.S. Code §2724: Civil Action
>
>> (a) Cause of Action- A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record for the purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
>> (b) Remedies- The court may award-
>>> (1) Actual damages, but not less than liquidated damages in the amount of $2,500;
>>> (2) Punitive damages upon proof of willful or reckless disregard of the law;
>>> (3) Reasonable attorneys' fees and other litigation costs reasonably incurred; and
>>> (4) Such other preliminary and equitable relief as the court determines to be appropriate.

65. Mr. Ronald Ellison is a disabled civilian and employee who works for RF.

66. Mr. Ronald Ellison is employed primarily by RF as a contract employee.

67. Mr. Ellison's compensation is dependent upon the fiscal fitness of RF.

68. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas of Thomas Island Ice Cream against Mr. Ronald Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

69. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that the City of Destin Code Compliance (hereafter "CDCC") made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. Ronald Ellison directly to Mr. Sampson Thomas in violation of the DPPA.

70. Mr. Sampson Thomas attached the photographs and driving record details of Mr. Ronald Ellison to the Prior Case as an exhibit, likely unaware that records had been accessed by the CDCC in violation of the DPPA. Attached hereto as **Exhibit 3**, are the redacted confidential driving records of the Plaintiff Mr. Ronald Ellison, which were provided by the CDCC to Mr. Thomas.

71. The violation of the DPPA was not considered in the Prior Case.

72. The ongoing controversy between RF, the CDCC, and TIC regarding improper beach vendors and ongoing conflicting ice cream operations on the Destin beaches was not considered in the Prior Case.

73. Such dissemination of Plaintiff Ronald Ellison's personal motor vehicle driving records, which was utilized against him in the Prior Case, was done recklessly.

74. Based upon information and belief, agents of the CDCC were monetarily compensated by TIC and other ice cream operations of the Thomas Defendants' during 2024 in exchange for lenient enforcement of the beach vendor rules and regulations.

75. Plaintiff Ronald Ellison made numerous complaints to the CDCC about the beach vending operations of TIC, prior to the dissemination of Mr. Ronald Ellison's personal information to TIC by the CDCC in violation of the DPPA. Such information was later utilized against Mr. Ronald Ellison in the Prior Case.

76. Violating Mr. Ellison's rights under the DPPA, was one of many predatory actions taken by the CDCC against Mr. Ellison; and, solely based upon his employment with RF.

77. The City knew or should have known about the CDCC's violation of Mr. Ellison's rights under the DPPA based upon the correspondence sent from the Code Compliance Director, Mr. Troy Williams, to Mr. Ronald Ellison on or around July 17, 2024.

78. Pursuant to Fla. Stat. §119.0712(2)(b):

*"Personal information, including highly restricted personal information as defined in 18 U.S.C. 2725, contained in a motor vehicle record is confidential pursuant to the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 et seq. Such information be released only as authorized by that act; however, information received pursuant to that act may not be used for mass commercial solicitation of clients for litigation against motor vehicle dealers."*

79. The DPPA specifies civil damages of (1) actual damages not less than liquidated damages of $2,500; (2) punitive damages upon proof of willful or reckless disregard for the law; (3) attorneys' fees and costs.

   **WHEREFORE**, Plaintiff Ronald Ellison seeks statutory damages, punitive damages allowed by law, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.


### VI.    COUNT II
### VIOLATION OF 18 U.S. CODE § 2721: Driver's Privacy Protection Act (DPPA)

**Plaintiff William Ellison**
v.
**The City of Destin**

80. Plaintiff realleges and incorporates paragraphs 1-60 above.

81. This is an action by Plaintiff William Ellison suing Defendant City of Destin Code Compliance ("CDCC") for statutory damages related to violations of the prohibition on release and use of

certain personal information from State motor vehicle records. *See, 18 U.S. CODE §2721 ("DPPA").*

82. Pursuant to 18 U.S. Code §2721:

> "A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
> (3) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section.

83. Pursuant to 18 U.S. Code §2724: Civil Action

> (c) Cause of Action- A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record for the purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
> (d) Remedies- The court may award-
> > (1) Actual damages, but not less than liquidated damages in the amount of $2,500;
> > (2) Punitive damages upon proof of willful or reckless disregard of the law;
> > (3) Reasonable attorneys' fees and other litigation costs reasonably incurred; and
> > (4) Such other preliminary and equitable relief as the court determines to be appropriate.

84. Mr. William Ellison is an employee who works for RF.

85. On June 25, 2024, A Petition for Injunction for Protection Against Stalking was filed by Sampson Thomas against Mr. William Ellison (Case No.: 2024 DR 1810 FV) (the "Prior Case").

86. Within the Petition, the purported victim, Mr. Thomas attached documents evidencing that CDCC made available personal information, as defined in 18 U.S.C. 2725(3), about Mr. William Ellison directly to Mr. Thomas in violation of the DPPA.

87. Specifically, CDCC released Mr. William Ellison's motor vehicle records and personal information about Mr. William Ellison without his consent.

88. On or around June 2024, former City of Destin code enforcement officer, Mr. Brian Eager, in his professional capacity sent Mr. Thomas the driving details of Mr. William Ellison's motor vehicle record coupled with photographs of his license plate.

89. Mr. Thomas thereafter attached the photographs and driving record details of Mr. William Ellison to the Prior Case, likely unaware that records had been accessed by the CDCC in violation of the DPPA. Attached hereto as **Exhibit 4**, are the redacted confidential driving records of the Plaintiff Mr. William Ellison, which were provided by the CDCC to Mr. Sampson Thomas.

90. The violation of the DPPA was not considered in the Prior Case.

91. The ongoing controversy between RF, the CDCC, and TIC regarding improper beach vendors and ongoing conflicting ice cream operations on the Destin beaches was not considered in the Prior Case.

92. Such dissemination of Plaintiff William Ellison's personal motor vehicle driving records, which was utilized against him in the Prior Case, was done recklessly.

93. Based upon information and belief, agents of the CDCC were monetarily compensated by TIC and other ice cream operations of the Thomas Defendants' during 2024 in exchange for lenient enforcement of the beach vendor rules and regulations.

94. Plaintiff William Ellison made numerous complaints to the CDCC about the beach vending operations of TIC, prior to the dissemination of Mr. William Ellison's personal information to TIC by the CDCC in violation of the DPPA. Such information was later utilized against Mr. William Ellison in the Prior Case.

95. Violating Mr. William Ellison's rights under the DPPA, was one of many predatory actions taken by the CDCC against Mr. William Ellison; and, solely based upon his employment with RF.

96. The City knew or should have known about the CDCC's violation of Mr. William Ellison's rights under the DPPA based upon the correspondence sent from the Code Compliance Director, Mr. Troy Williams, to Mr. William Ellison on or around July 17, 2024. *See* **Exhibit 4.**

97. Pursuant to Fla. Stat. §119.0712(2)(b):

*"Personal information, including highly restricted personal information as defined in 18 U.S.C. 2725, contained in a motor vehicle record is confidential pursuant to the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 et seq. Such information be released only as authorized by that act; however, information received pursuant to that act may not be used for mass commercial solicitation of clients for litigation against motor vehicle dealers."*

98. Such dissemination of Plaintiff William Ellison's personal motor vehicle driving records was done recklessly.

99. The DPPA specifies civil damages of (1) actual damages not less than liquidated damages of $2,500; (2) punitive damages upon proof of willful or reckless disregard for the law; (3) attorneys' fees and costs.

**WHEREFORE**, Plaintiff William Ellison seeks statutory damages, punitive damages allowed by law, attorneys' fees and costs, and all other and further relief this Court deems just and appropriate.

## VII.    COUNT III
## <u>VIOLATION OF 42 U.S.C.S. §1983</u>

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Ronald Ellison**
**v.**
**The City of Destin**

100.    Plaintiffs reallege and incorporates paragraphs 1-60 above.

101.    This Count is brought by Plaintiff RF, Plaintiff William Ellison, and Plaintiff Ronald
Ellison for the violation of 42 U.S.C.S. §1983 by The City.

102.    The City was officially chartered as a municipality under Florida law in 1984.

103.    A violation of due process rights occurs when the government fails to follow fair and
established procedures before denying a person of life, liberty, or property.

104.    A policy of inaction may be a municipal policy within the meaning of <u>Monnell</u>. *See* <u>Monell
v. Department of Social Services of City of New York</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d
611.

105.    Based upon information and belief, agents of the CDCC were monetarily compensated by
TIC and other ice cream operations of the Thomas Defendants' during 2024 in exchange for
lenient enforcement of the beach vendor rules and regulations.

106.    Based upon information and belief, the CDCC selectively chose not to prosecute vendors
participating in improper beach solicitation based upon the improper receipt of monetary
compensation in exchange for turning a blind eye to their activities.

107.    Alternatively, the CDCC has failed to train its employees regarding the acceptance of
monetary compensation in exchange for turning a blind eye to improper solicitation of the
Destin beaches, regarding improper dissemination of information within the Florida Driver
and Vehicle Information Database, regarding permitting beach solicitation within the "wet

sand" of Destin beaches, and generally pertaining to those municipal duties it was tasked in enforcing.

108.    The inaction of the CDCC pertaining to regulating improper solicitation on the Destin beaches was so open, notorious, and prevalent that it denied Plaintiff RF of their property (which primarily consists of a licensure to operate a mobile vending legally nonconforming business) (hereinafter "CDCC Custom").

109.    RF's licensure to operate a mobile vending legally nonconforming business was public record and clearly established at the time of CDCC Custom.

110.    RF lodged countless complaints with the CDCC pertaining to the improper solicitation occurring on the Destin beaches.

111.    While few responses were received regarding the improper solicitation of Destin beaches and even less action taken by the CDCC, it was discovered that some of The City's employees did not believe RF's grandfathered license was fair and as such, did not therefore endeavor to pursue those complaints lodged by RF.

112.    Based upon information and belief, RF was also discriminated against based upon Ms. Harbarger's gender.

113.    The selective enforcement by the CDCC brought harm to Plaintiff RF and all other citizens operating under the terms and conditions of a licensure, leasing agreement for brick and mortar business along the Destin beaches, and the public who was advised by the CDCC that beach solicitation was permitted within the "wet sand."

114.    The CDCC on behalf of The City adopted the custom of permitting beach solicitation within the wet sand, even though such CDCC Custom had not received formal approval through The City's official decision making channels.

115.    The CDCC Custom on behalf of The City are practices so well settled and permanent, as to accumulate the force of law. *See* **Exhibit 5** through **Exhibit 8**.

116.    Further, the CDCC on behalf of The City violated the constitutional rights of RF's employees (Ronald Ellison and William Ellison) as detailed throughout Count I and Count II above.

117.    The deliberate indifference of the CDCC is exhibited throughout their repeated pattern of constitutional violations which makes the need for further training plainly obvious.

118.    Faced with constructive knowledge that it agents violated constitutional rights, The City should not have adopted a policy of inaction. *See* **Exhibit 3, Exhibit 4, Exhibit 12**.

119.    Plaintiff RF suffered damages as a result of the inaction and constitutional violations of the CDCC on behalf of The City.

120.    Plaintiff Ronald Ellison suffered damages as a result of the inaction and constitutional violations of the CDCC on behalf of The City.

121.    Plaintiff William Ellison suffered damages as a result of the inaction and constitutional violations of the CDCC on behalf of The City.

**WHEREFORE** Plaintiff RF, Plaintiff Ronald Ellison, and Plaintiff William Ellison seek damages allowed by Florida law, and attorneys' fees and costs allowed by Florida law against The City of Destin.

## VIII.   COUNT IV
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
**v.**
**Thomas Island Ice Cream & Sampson Thomas**

122.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

123.    Plaintiff RF brings this Count against Defendant TIC & Sampson Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

124.    Plaintiff William Ellison brings this Count against Defendant TIC & Sampson Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

125.    Plaintiff Ronald Ellison brings this Count against Defendant TIC & Sampson Thomnas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

126.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

127.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

128.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

129.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

130.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

131.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

132.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

133.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

134.    Defendants, Thomas Island Ice Cream & Sampson Thomas do not have licensures to operate a mobile vending legally nonconforming business. None-the-less, TIC & Sampson Thomas sold ice cream novelties throughout 2023 and 2024 before its September 2024 voluntary dissolution.

135.    Defendant Sampson Thomas sold ice cream novelties in 2025 without proper licensure.

136.    Defendant, Thomas Island Ice Cream & Sampson Thomas is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

137.    Defendant, Thomas Island Ice Cream & Sampson Thomas sell ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

138.    Defendant, Thomas Island Ice Cream & Sampson Thomas advertises itself on the Destin beaches as representative of the Wounded Warrior Project. *See* **Exhibit 12**, a true and accurate photograph of Defendant Sampson Thomas selling ice cream on the Destin beaches in June 2025.

139.    Defendant, Thomas Island Ice Cream has been issued citations for their illegal solicitation of the Destin beaches located in Okaloosa County. *See* **Exhibit 10**, a true and accurate copy of those citations received via Subpoena from City Attorney, Ms. Kimberly Kopp.

140.    Plaintiff RF was damaged as a result.

141.    Plaintiff William Ellison was damaged as a result.

142.    Plaintiff Ronald Ellison was damaged as a result.

143.    The financial harm suffered by the Plaintiffs in this Count is evident through the tax returns, and will also be testified to by Plaintiffs.

144.    But for the actions of Thomas Island Ice Cream, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Thomas Island Ice Cream.

## IX.    COUNT V
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
**v.**
**Gulfstream Ice Cream**

145.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

146.    Plaintiff RF brings this Count against Defendant GIC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

147.    Plaintiff William Ellison brings this Count against Defendant GIC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

148.    Plaintiff Ronald Ellison brings this Count against Defendant GIC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

149.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

150.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

151.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

152.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

153.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

154.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

155.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

156.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

157.    Defendant, Gulfstream Ice Cream does not have a licensure to operate a mobile vending legally nonconforming business.

158.    Defendant, Gulfstream Ice Cream is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

159.    Defendant, Gulfstream Ice Cream sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

160.    Defendant, Gulfstream Ice Cream has been issued citations for their illegal solicitation of the Destin beaches located in Okaloosa County. See **Exhibit 11**, a true and accurate copy of those citations received via Subpoena from City Attorney, Ms. Kimberly Kopp.

161.    Plaintiff RF was damaged as a result.

162.    Plaintiff William Ellison was damaged as a result.

163.    Plaintiff Ronald Ellison was damaged as a result.

164.    The financial harm suffered by the Plaintiffs in this Count is evident through their tax returns, and will also be testified to by Plaintiffs.

165.    But for the actions of Gulfstream Ice Cream, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Gulf Stream Ice Cream.

## X.    COUNT V
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
v.
**DAVID THOMAS**

166.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

167.    Plaintiff RF brings this Count against Defendant David Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

168.    Plaintiff William Ellison brings this Count against Defendant David Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

169.    Plaintiff Ronald Ellison brings this Count against Defendant David Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

170.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

171.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

172.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

173.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

174.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

175.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

176.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for

sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

177.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

178.    Defendant, David Thomas does not have a licensure to operate a mobile vending legally nonconforming business.

179.    Defendant, David Thomas is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

180.    Defendant, David Thomas sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

181.    Plaintiff RF was damaged as a result.

182.    Plaintiff William Ellison was damaged as a result.

183.    Plaintiff Ronald Ellison was damaged as a result.

184.    The financial harm suffered by the Plaintiffs in this Count is evident through their tax returns, and will also be testified to by Plaintiffs.

185.    But for the actions of Defendant David Thomas, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Defendant David Thomas.

### XI.    COUNT VI
### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
**v.**
**SAMUEL THOMAS**

186.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

187.    Plaintiff RF brings this Count against Defendant Samuel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

188.    Plaintiff William Ellison brings this Count against Defendant Samuel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

189.    Plaintiff Ronald Ellison brings this Count against Defendant Samuel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

190.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

191.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

192.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

193.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

194.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

195.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

196.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

197.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

198.    Defendant, Samuel Thomas does not have a licensure to operate a mobile vending legally nonconforming business.

199.    Defendant, Samuel Thomas is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

200.    Defendant, Samuel Thomas sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

201.    Plaintiff RF was damaged as a result.

202.    Plaintiff William Ellison was damaged as a result.

203.    Plaintiff Ronald Ellison was damaged as a result.

204.    The financial harm suffered by the Plaintiffs in this Count is evident through their tax returns, and will also be testified to by Plaintiffs.

205.    But for the actions of Defendant Samuel Thomas, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Defendant David Thomas.

## XII.    COUNT VII
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
v.
**ISRAEL THOMAS**

206.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

207.    Plaintiff RF brings this Count against Defendant Israel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

208.    Plaintiff William Ellison brings this Count against Defendant Israel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

209.    Plaintiff Ronald Ellison brings this Count against Defendant Israel Thomas for Violation of Florida's Deceptive and Unfair Trade Practices Act.

210.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

211.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

212.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

213.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

214.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

215.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

216.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

217.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

218.    Defendant, Israel Thomas does not have a licensure to operate a mobile vending legally nonconforming business.

219.    Defendant, Israel Thomas is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

220.    Defendant, Israel Thomas sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

221.    Plaintiff RF was damaged as a result.

222.    Plaintiff William Ellison was damaged as a result.

223.    Plaintiff Ronald Ellison was damaged as a result.

224.    The financial harm suffered by the Plaintiffs in this Count is evident through their tax returns, and will also be testified to by Plaintiffs.

225.    But for the actions of Defendant Israel Thomas, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Defendant Israel Thomas.

### XIII.   COUNT VIII
### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**Plaintiff RF, Plaintiff William Ellison, Plaintiff Richard Ellison**
v.
**OHANA GELATOS LLC**

226.    Plaintiffs reallege and incorporate paragraphs 1-60 above.

227.    Plaintiff RF brings this Count against Defendant Ohana Gelatos LLC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

228.    Plaintiff William Ellison brings this Count against Defendant Ohana Gelatos LLC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

229.    Plaintiff Ronald Ellison brings this Count against Defendant Ohana Gelatos LLC for Violation of Florida's Deceptive and Unfair Trade Practices Act.

230.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. *See* Fla. Stat. §§ 501.201-.213.

231.    Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. *See* Fla. Stat. § 501.204.

232.    A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

233.    Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business. Attached hereto as **Exhibit 1**, is a true and accurate copy of Rainbow Frost's licensure.

234.    Rainbow Frost sells ice cream novelties pursuant to their licensure to operate a mobile vending business within the City of Destin.

235.    Such mobile vending licensure permits Rainbow Frost and its agents to distribute ice cream novelties pursuant to the requirements and limitations of their licensure.

236.    Rainbow Frost is permitted to conduct its private business carried out entirely from a mobile unit, whereby the entire stock of goods, wares, merchandise, or foodstuffs offered for sale is actually carried and contained within a unit that is designed to be or is mobile at the time the items are offered for sale.

237.    However, Rainbow Frost is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

238.    Defendant, Ohana Gelatos LLC does not have a licensure to operate a mobile vending legally nonconforming business.

239.    Defendant, Ohana Gelatos LLC is not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

240.    Defendant, Ohana Gelatos LLC sells ice cream novelties, primarily unlawfully, on the Destin beaches located in Okaloosa County.

241.    Plaintiff RF was damaged as a result.

242.    Plaintiff William Ellison was damaged as a result.

243.    Plaintiff Ronald Ellison was damaged as a result.

244.    The financial harm suffered by the Plaintiffs in this Count is evident through their tax returns, and will also be testified to by Plaintiffs.

245.    But for the actions of Defendant Ohana Gelatos LLC, Plaintiffs would not have suffered RF's Loss or Plaintiffs' Loss based upon actual financial damages.

**WHEREFORE** Plaintiffs seeks actual damages, and attorneys' fees and costs as provided in Fla. Stat. § 501.2105 against Defendant Ohana Gelatos LLC.

## XIV.    COUNT IX
### ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS THE CITY, THOMAS ISLAND ICE CREAM, SAMPSON THOMAS, GULFSTREAM ICE CREAM, ISRAEL THOMAS, SAMUEL THOMAS, DAVID THOMAS, OHANA GELATOS LLC

**RF**
**v.**
**The City, TIC, GIC, Sampson Thomas, Israel Thomas, Samuel Thomas, David Thomas, Ohana Gelatos LLC**

246.    Plaintiff RF brings this action for injunctive relief.

247.    Plaintiff realleges and incorporates paragraphs 1-60 above.

248.    This is an action for injunctive relief with respect to those actions and inaction of The City.

249.    This is an action for injunctive relief with respect to those actions of Thomas Island Ice Cream.

250.    This is an action for injunctive relief with respect to those actions of Gulfstream Ice Cream.

251.    This is an action for injunctive relief with respect to those actions of Israel Thomas.

252.    This is an action for injunctive relief with respect to those actions of Sampson Thomas.

253.    This is an action for injunctive relief with respect to those actions of Samuel Thomas.

254.    This is an action for injunctive relief with respect to those actions of David Thomas.

255.    This is an action for injunctive relief with respect to those actions of Ohana Gelatos LLC.

256.    Businesses are not permitted to solicit/canvas ice cream novelties on the beach, pursuant to Section 11.08.02(H). *See* Beach Management of the Land Development Code.

257.    Based upon information and belief, The City is incapable of enforcing the aforementioned Code.

258.    Based upon information and belief, Thomas Island Ice Cream is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

259.    Based upon information and belief, Gulfstream Ice Cream is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

260.    Based upon information and belief, Sampson Thomas is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

261.    Based upon information and belief, Samuel Thomas is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

262.    Based upon information and belief, David Thomas is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

263.    Based upon information and belief, Israel Thomas is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

264.    Based upon information and belief, Ohana Gelatos LLC is incapable of abiding the aforementioned Code and continues to solicit/canvas and sell ice cream novelties illegally on the Destin beaches.

265. Plaintiff Rainbow Frost will suffer irreparable harm if an injunction is not entered, because Plaintiff is the only company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

266. Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harms described in this Count.

267. The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

268. Based upon the actions of the Defendants named in this Count, Plaintiff Rainbow Frost requests the following injunctive relief:

(a) An Order confirming, pursuant to Section 11.08.02(H) that solicitation, canvassing, and selling ice cream novelties on the Destin beach is a violation of the Beach Management provision of the Land Development Code.

(b) An Order confirming, pursuant to Section 11.08.02(H) that Thomas Island Ice Cream is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(c) An Order confirming beach, pursuant to Section 11.08.02(H) that Gulfstream Ice Cream is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(d) An Order confirming beach, pursuant to Section 11.08.02(H) that Sampson Thomas is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(e) An Order confirming beach, pursuant to Section 11.08.02(H) that Samuel Thomas is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(f) An Order confirming beach, pursuant to Section 11.08.02(H) that David Thomas is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(g) An Order confirming beach, pursuant to Section 11.08.02(H) that Israel Thomas is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

(h) An Order confirming beach, pursuant to Section 11.08.02(H) that Ohana Gelatos LLC is not permitted to solicit, canvas, and sell ice cream on the Destin beaches pursuant to Section 11.08.02(H).

**WHEREFORE**, Plaintiff RF respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs associated with this action, as may be permitted by law and statute, and for such other and further relief as the Court deems just and proper.

## XV.    COUNT X
## ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANT SUE SHUMAKER & TROTTER

**Plaintiff RF**
**v.**
**Shumaker & Trotter**

269.    Plaintiff RF brings this Count for injunctive relief against Defendant Sue Shumaker and & Trotter.

270.  Plaintiff realleges and incorporates paragraphs 1-60 above.

271.  This is an action for injunctive relief with respect to a license issued in Okaloosa County, Florida through the efforts of Defendant Sue Shoemaker to licensure Defendant Trotter.

272.  In 2004, Rainbow Frost was one of two companies which was grandfathered in and permitted to operate a mobile vending legally nonconforming business.

273.  Pursuant to the prior 2004 Order, no additional licensures for a mobile vending legally nonconforming business were to be issued.

274.  Utilizing her public position as an administrator in licensing for the City of Destin, Defendant Shumaker fraudulently obtained a licensure for a mobile vending legally nonconforming business in her boyfriend's company's name, Trotter's General Contractors Inc. Attached hereto as **Exhibit 9**, is a true and accurate copy of the current improperly issued licensure.

275.  Defendant Shumaker and Mr. Trotter of Trotter were later married.

276.  Despite that fact, the City of Destin improperly issued a licensure to Trotter.

277.  The fraudulent issuance of this licensure devalues the licensure of Rainbow Frost and has thereby caused immediate harm to the valuation of Rainbow Frost.

278.  Plaintiff Rainbow Frost will suffer irreparable harm if an injunction is not entered, because Plaintiff is the only company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

279.  Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harm described in paragraph 97 above.

280.   The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

281.   Based upon the actions of Defendant Shumaker and Defendant Trotter in obtaining a licensure fraudulently and improperly, Plaintiff Rainbow Frost requests the following injunctive relief:

(i)   An Order deeming the licensure issued to Trotter as invalid and striking its validity such that the Rainbow Frost is the only company with a legally noncompliant licensure as a mobile vending truck.

**WHEREFORE**, Rainbow Frost respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs associated with this action, as may be permitted by law and statute, and for such other and further relief as the Court deems just and proper.

## XVI.   COUNT XI
## ACTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANT CITY OF DESTIN

**Plaintiff Carissa Harbarger on behalf of RF**
**v.**
**City of Destin**

282.    Plaintiff Harbarger brings this Count derivatively on behalf of Plaintiff RF.

283.   Plaintiff realleges and incorporates paragraphs 1-60 above.

284.   Plaintiff realleges and incorporates paragraphs 268-280 above.

285.   This is an action for injunctive relief with respect to the City of Destin's licensure department located within Okaloosa County, Florida.

286.   Pursuant to prior Court Order in 2004, no additional licensures for a mobile vending legally nonconforming business were permitted issuance.

287.    Despite that fact, the City of Destin improperly issued a licensure to Trotter.

288.    Utilizing her public position as an administrator in licensing for the City of Destin, Defendant Shumaker transferred the license in her boyfriend's company's name, Trotter's General Contractors Inc. Attached hereto as **Exhibit 9**, is a true and accurate copy of the current improperly issued licensure.

289.    The fraudulent issuance of this licensure devalues the licensure of Rainbow Frost and has thereby caused immediate harm to Rainbow Frost.

290.    Plaintiff Rainbow Frost will suffer irreparable harm, because Plaintiff is the only active company in which a legally noncompliant licensure was issued such that they can operate a mobile vending truck.

291.    Plaintiff Rainbow Frost has no available, adequate remedy at law because money damages are inadequate to compensate Plaintiff for the harm described in paragraph above.

292.    The interest of Rainbow Frost will be served by the imposition of an injunction in this case because it will preserve the status quo with respect to their use of the only legally noncompliant mobile vending truck licensure in Destin.

293.    Based upon the actions of Defendant Shumaker and Defendant Trotter in obtaining a licensure fraudulently and improperly, Plaintiff Rainbow Frost requests the following injunctive relief:

> (j) An Order deeming the licensure issued to Trotter as invalid and striking its validity such that the Rainbow Frost is the only company with a legally noncompliant licensure as a mobile vending truck.

**WHEREFORE**, Plaintiff Harbarger derivatively and on behalf of Rainbow Frost respectfully requests that, after notice and a hearing, the Court enter an injunction in favor of

Rainbow Frost as requested above. Rainbow Frost also respectfully requests attorney fees and costs, as may be permitted by law and statute, and for such and costs associated with this action and such other and further relief as the Court deems just and proper.

Dated: June 16, 2025.


**CHESSER & BARR, P.A.**

/s/ *Meghan M. Betz*
Meghan M. Betz
FL Bar No. 1021622
1201 Eglin Parkway
Shalimar, FL 32579
(850) 651-9944
(850) 651-6084 – facsimile
betz@chesserbarr.com
troell @chesserbarr.com
houwers@chesserbarr.com
**Attorneys for Plaintiffs**

### JURAT PAGE

I verify that I have read this First Amended Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

Signed by:

Ronald Ellison

STATE OF FLORIDA )
)
COUNTY OF Okaloosa )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this _____ day of June, 2025, by Ronald Ellison, who is personally known to me or who has produced a Florida driver's license as identification.

MEGHAN MARIE BETZ
Commission # HH 168716
Expires August 24, 2025
Bonded Thru Budget Notary Services

NOTARY PUBLIC

Meghan Betz

[Print type or stamp commissioned name of notary.]

## JURAT PAGE

I verify that I have read this First Amended Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

_William Ellison_

William Ellison

STATE OF FLORIDA          )
                          )
COUNTY OF Okaloosa        )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this _06/16/2025_ day of June, 2025, by William Ellison, who is personally known to me or who has produced a Florida driver's license as identification.

_Meghan Betz_
NOTARY PUBLIC

**MEGHAN MARIE BETZ**
Commission # HH 168716
Expires August 24, 2025
Bonded Thru Budget Notary Services

_Meghan Betz_
[Print type or stamp commissioned name of notary.]

## JURAT PAGE

I verify that I have read this First Amended Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

Signed by:

*Carissa Zingaretti Harbarger*

0A703D065D6348B...

Carissa Harbarger

Authorized Signatory for Rainbow Frost Ice Cream, Inc.

STATE OF FLORIDA )

)

COUNTY OF Okaloosa )

**SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this 06/16/2025 _____ day of June, 2025, by Carissa Harbarger, who is personally known to me or who has produced a Florida driver's license as identification.

MEGHAN MARIE BETZ
Commission # HH 168746
Expires August 24, 2025
Bonded Thru Budget Notary Services

NOTARY PUBLIC

*Meghan Betz*

[Print type or stamp commissioned name of notary.]

**JURAT PAGE**

     I verify that I have read this First Amended Verified Complaint. I verify that I have personal knowledge of all matters and defenses alleged herein and that all are true and correct to the best of my knowledge.

Signed by:

*Carissa Bingaretti Harbarger*

Carissa Harbarger

STATE OF FLORIDA             )

                              )

COUNTY OF Okaloosa      )

     **SWORN TO AND SUBSCRIBED** before me, by means of [ ] physical presence or [X] online notarization, this ___ day of June, 2025, by Carissa Harbarger, who is personally known to me or who has produced a Florida driver's license as identification.

06/16/2025

NOTARY PUBLIC

MEGHAN MARIE BETZ
Commission # HH 168716
Expires August 24, 2028
Bonded Thru Budget Notary Services

*Meghan Betz*

[Print type or stamp commissioned name of notary.]